Lisa Anne CORNELL and G. Ware
Cornell, Jr., Petitioners

v.

FEDERAL MARITIME COMMISSION
and United States of America,
Respondents.

Carnival Corporation, et
al., Intervenors.

No. 14–1208.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 2, 2015.

G. Ware Cornell, Jr., Cornell & Associates, P.A., Weston, FL, for Petitioner.

Daniel Soocheol Lee, Paul Anthony Schofield, Tyler James Wood, Federal Maritime Commission, Washington, DC, William J. Baer, U.S. Department of Justice, Office of the Assistant Attorney General, Washington, DC, Kristen Ceara Limarzi, Steven Jeffrey Mintz, Esq., Robert B. Nicholson, U.S. Department of Justice, Washington, DC, Raymond B. Ludwiszewski, Gibson, Dunn & Crutcher LLP, Washington, DC, for Respondent.

BEFORE: TATEL and MILLETT, Circuit Judges, and SENTELLE, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This case was considered on the record from the Federal Maritime Commission ("FMC") and the briefs and arguments of the parties. The Court has accorded the issues full consideration and has deter-

mined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the petition for review is denied for the reasons stated in the memorandum filed simultaneously with this judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.

### *MEMORANDUM*

This petition is the latest salvo in a series of acrimonious proceedings covering nearly eight years. Because the FMC catalogued the colorful history of this dispute in its order, JA–210 to –216, we include below only the essential facts.

While traveling on a Carnival cruise ship in February 2007, Mrs. Cornell purchased two lithographs. After returning home and before the artwork had been shipped, Mrs. Cornell decided to cancel the purchases. Global Fine Arts, Inc. ("GFA"), the onboard art auction company, refunded the auction price but withheld the 15% "buyer's premium," which is an additional amount (here, $585) added to the auction price in order to cover overhead costs for conducting the auction. Mrs. Cornell then commenced her first lawsuit ("Lawsuit One") against GFA in Florida circuit court, alleging two claims under Florida's Deceptive and Unfair Trade Practices Act.

After extended motion practice, the Florida court granted GFA summary judgment on one of the claims, as a result of which GFA sought to recoup more than $60,000 in attorney fees. The Cornells and GFA mediated the attorney fees claim and the Cornells' remaining claim, and in 2010, the parties entered into a Mutual Release

of All Claims and Settlement Agreement (the "Agreement"). In addition to releasing all claims, GFA agreed "not [to] take any action to encourage or entice any cruise line to refuse to grant either Lisa Cornell or Ware Cornell passage on any cruise ship." JA–040.

Mrs. Cornell claimed that over the next several months, she unsuccessfully attempted to book a cruise with Princess Cruise Lines, Ltd. ("Princess"), whose lawyers were involved in Lawsuit One. Mrs. Cornell then commenced a second suit in Florida county court ("Lawsuit Two"), seeking specific performance of the Agreement and a mandatory injunction against Princess. The Florida circuit court on February 7, 2012, denied a motion to enforce the Agreement, for failure to prove a violation of its terms.

In January 2013, the Cornells filed a complaint with the FMC alleging that Princess, Carnival plc, and Carnival Corp. are "common carriers" under the Shipping Act. The Cornells claimed that, as common carriers, the cruise lines violated, among other provisions, 46 U.S.C. § 41104(10) by "unreasonably refus[ing] to deal or negotiate" with them for cruise passage.

An FMC Administrative Law Judge dismissed most of the Cornells' claims but sua sponte entered summary judgment on the § 41104(10) claim with regard to Mrs. Cornell but not Mr. Cornell. Both the Cornells and Princess appealed to the FMC, which on August 28, 2014, granted a motion to dismiss all of the Cornells' claims. The Cornells petitioned this Court for a review of that decision with respect to only the § 41104(10) claim.

The Court gives *Chevron* deference to the FMC's interpretations of the Shipping Act of 1984 unless the statute is otherwise clear on its face. *See, e.g., Sea–Land Serv., Inc. v. DOT,* 137 F.3d 640, 645 (D.C.Cir.1998). Additionally, the Court

will set aside agency decision-making that is arbitrary or capricious. *See* 5 U.S.C. § 706(2)(A).

■ .The Cornells averred at oral argument that their position before the Court is that the FMC arbitrarily or capriciously changed its interpretation of 46 U.S.C. § 41104(10). Tr. of Oral Arg. at 4, 6 (Oct. 2, 2015). More specifically, they argued that the Commission had theretofore found reasonable only transportation-related bases for refusal of service, whereas in the present case, it accepted a reasonable business judgment not specifically transportation-related. *Id.* They also argued that the FMC erred in dismissing their complaint for failure to state a plausible claim for relief under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). We deny the petition for review because the Cornells failed to raise the argument that the FMC changed its interpretation of § 41104(10) in their opening brief. *See Petit v. U.S. Dep't of Educ.*, 675 F.3d 769, 779 (D.C.Cir.2012) (failure to raise arguments in opening briefs waives those arguments).

The Cornells in fact admit that they did not until their reply brief challenge the FMC's changed interpretation or alert the Court to FMC precedent that could support such a claim. *See* Tr. of Oral Arg. at 7–9 (Oct. 2, 2015); Pet'rs' Reply Br. 6–8; *see also New Orleans Stevedoring Co. v. Bd. of Comm'rs*, No. 00–11, 2001 WL 865692, at *8 (F.M.C. June 27, 2011) ("All that is required is that common carriers ... refrain from 'shutting out' any person for reasons having no relation to legitimate transportation-related factors."). Under this Court's precedent, the Cornells fall far short of preserving this argument for review. *See, e.g., CTS Corp. v. EPA*, 759 F.3d 52, 60 (D.C.Cir.2014) ("[T]he first time that CTS proffered a non-conclusory challenge to the adequacy of that testing

was in its reply brief here. That is far too late." (citing *Novak v. Capital Mgmt. & Dev. Corp.*, 570 F.3d 305, 316 n. 5 (D.C.Cir. 2009))).

■ In light of this waiver, the FMC's disposition of the complaint under *Twombly* was otherwise proper. Although the Court accepts all factual allegations in the complaint as true for the purposes of a motion to dismiss, it is not required to accept legal conclusions. *See, e.g., Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 68 (D.C.Cir.2015) ("But the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." (citation and internal quotation marks omitted)). Here, the FMC determined as a matter of law that the prohibition against an "unreasonabl[e] refus[al] to deal" under 46 U.S.C. § 41104(10) does not apply to discretionary business decisions. JA–221 to –222. Because the statute is facially ambiguous and the FMC's interpretation is at least one permissible reading of the statute, we afford *Chevron* deference to that interpretation. *See BellSouth Corp. v. FCC*, 162 F.3d 678, 693 (D.C.Cir.1998). The Cornells' complaint references the prior state court litigations, JA–083 ¶ 8, JA–084 ¶¶ 15–18, and provides no plausible basis for concluding that Princess's refusal to deal was for reasons other than business considerations related to the costs of past and potential future litigations. The FMC agreed, JA–222, and even the Cornells do not seriously dispute this point.

The Cornells also raise a two-sentence due process argument, Pet'rs' Br. 26, which is facially meritless as they already received all process due under the APA. *See Vt. Yankee Nuclear Power Corp. v. NRDC*, 435 U.S. 519, 543–45, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978).

Because the Cornells have waived the argument, the Court expresses no view as

to whether the FMC engaged in reasoned decision-making by giving deference to "discretionary business decisions" without assessing whether there are "legitimate transportation-related factors" for the refusal to deal or whether the FMC's position was otherwise an unexplained departure from precedent and past practice. *See* JA–222.

The Cornells' petition is therefore denied.